**Xiu Qin TANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,[1] Respondent.**

**No. 03–40795–AG.**

United States Court of Appeals, Second Circuit.

Dec. 8, 2005.

G. Victoria Calle, New York, New York, for Petitioner.

Stephen J. Murphy, United States Attorney; Paul Burakoff, Assistant United States Attorney, Detroit, Michigan, for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

PRESENT: JACOBS, KATZMANN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Xiu Qin Tang petitions for review of the September 2003 order of the BIA affirming the decision of the Immigration Judge ("IJ") to deny her application for withholding of removal and protection under the Convention Against Torture ("CAT"). Familiarity with the facts and the procedural history of the case is presumed. Because the BIA summarily affirmed the decision of the IJ, this Court reviews the IJ's decision directly. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). Credibility determinations are given "the same deference on review as other factual determinations," but the BIA must give "specific, cogent" reasons for rejecting testimony on credibility grounds. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–78 (2d Cir.2004). This Court will reverse the BIA's credibility finding if it is "based upon speculation or upon an incorrect analysis of the testimony." *Id.* at 178. However, "[t]o warrant reversal of the BIA's decision, [the petitioner] must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

Tang claims to have suffered persecution on account of her faith as a Christian. Among the specific, cogent reasons cited in support of the IJ's adverse credibility finding are: Tang's failure to adequately explain why, as a Christian, she had not had a religious wedding ceremony, why her father's occupation as a pastor and her family's religion were not reflected on her household registry, and why she had failed to offer either testimony or sworn affidavits from witnesses in support of her assertion that she was a practitioner of the Christian faith. The IJ was also reasonable in expressing her doubt that a person fleeing China for fear of religious persecution would have waited more than a year to file for asylum. Tang conceded to the IJ that there were no exceptional circumstances justifying her delay, and cannot now argue that such circumstances existed. Even if it were acceptable to argue for the first time in her petition for review that exceptional circumstances did excuse her delay in filing, her explanation that she met and married her husband is insufficient to explain her late filing or undermine the IJ's determination that her late filing calls into question her credibility. Accordingly, reversal of the BIA's order affirming the IJ's decision is not warranted.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of deportation previously granted in this petition is VACATED.